# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ADAM J. WHITE (#492108)                          CIVIL ACTION

VERSUS

STEVE RADER, ET AL.                              NO. 09-0696-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, March 29, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADAM J. WHITE (#492108)                              CIVIL ACTION

VERSUS

STEVE RADER, ET AL.                                  NO. 09-0696-JJB-CN

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter comes before the Court on the defendants' Motions to Dismiss, rec.doc.nos. 14 and 15.  These motions are opposed.

The pro se plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Steve Rader, Unit-2 Warden Lane Thomas (originally named as "Lane Thomson"), Maintenance Warden Gary Shotwell, Lt. Robert Lenior (originally named as "Robert Loiner") and Sgt. Cody White, alleging that the defendants subjected him to unconstitutional conditions of confinement and were deliberately indifferent to his health and safety in connection with an incident which occurred on May 7, 2009, when he sustained a fall and injury in his cell and when he was not provided with prompt medical attention thereafter.[1]

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard

---

[1]     Defendants Lane Thomas and Robert Lenior have not yet been served with process and so have neither appeared in this proceeding nor joined in the instant motions to dismiss.

of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief."  Bell Atl. Corp. v. Twombly, supra.  See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged."  Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra.  Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

The plaintiff alleges in his Complaint that on May 7, 2009, he was climbing out of the top bunk of his cell when his foot slipped, causing him to fall, sprain his ankle, and hurt his back. He complains that there is no ladder or other safe means provided for accessing the top bunk of his cell and that, although there is a metal plate provided at the end of the bunk to use in accessing the top bunk, this plate is also used as a writing table and eating table. As a result, when the table is being used, as it was in the instant case by his cell-mate, he is forced to utilize the edge of the sink or toilet as a stair-step to reach the bunk. The plaintiff further complains that when he reported this incident to defendant Cody White and requested medical emergency treatment, the defendant stated that, "it was not ... an [sic] medical emergency" and that the plaintiff should "file a regular sick-call out", which was scheduled for between 6:00 and 7:00 p.m. that evening. Accordingly, the plaintiff was required to wait until after the shift changed at 6:00 p.m. before he could again report his injury, and he was allowed to submit a sick-call request form at that time. However, because he was "forced" to submit a regular sick-call request and not an emergency request, he was not seen by a health care provider or given pain medication until after 12:00 a.m. He further asserts that he was told by the prison medical staff that if he had been allowed to request

emergency treatment at the time of the fall, he would have received immediate medical attention, and that his injury did in fact qualify as a medical emergency warranting such treatment.

In response to the plaintiff's allegations, the defendants assert that they are entitled to the defense of qualified immunity. Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendant asserts that the plaintiff's claim fails in the first instance because the plaintiff has failed to allege facts in the Complaint which would support a finding that the defendant participated in any violation of the plaintiff's constitutional rights.[2]

---

[2]    The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology

Undertaking the <u>Saucier</u> analysis, the Court concludes that the defendants' motions are well-taken, and that they are entitled to qualified immunity in connection with the plaintiff's claims asserted herein.

Initially, it appears from the plaintiff's Complaint that he has sued the defendants in both their individual and their official capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff first asserts  that the absence of ladder-access to the top bunk in his cell amounts to an unconstitutional condition of confinement in violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment. In this regard, however, it is well-settled that the United States Constitution imposes upon prison officials only minimal requirements in the treatment and facilities which they provide to prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized

---

is no longer mandatory. <u>Pearson v. Callahan</u>, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the <u>Saucier</u> methodology will be "often beneficial", the <u>Callahan</u> Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

measure of life's necessities,' as when it denies the prisoner some basic human need." <u>Harris v. Angelina County, Texas</u>, 31 F.3d 331 (5th Cir. 1994), <u>citing</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  Second, under a subjective standard, the Court must determine whether the prison official responsible for the deprivation was "'deliberately indifferent' to inmate health or safety".  <u>Farmer v. Brennan</u>, <u>supra</u> (the official must both be aware of facts from which the inference may be drawn that substantial risk of serious harm exists, and he must also draw the inference).  The deliberate indifference standard may appropriately be applied to the plaintiff's allegations regarding his conditions of confinement.  <u>Woods v. Edwards</u>, 51 F.3d 577 (5th Cir. 1995); <u>Wilson v. Seiter</u>, <u>supra</u>.

In the instant case, there is no indication that, by providing a metal plate at the end of the plaintiff's bunk as a step to reach the top bunk, the defendants have been deliberately indifferent to the health or safety of the plaintiff or that they have deprived him of any basic human need.  The most which the plaintiff has alleged is that, because the referenced metal plate is also used as a table to eat and write on, he must often utilize the sink or toilet adjacent to his bunk as a means of accessing the top bunk.  He does not allege, however, that the defendants were aware that this condition presented a significant risk of harm to the plaintiff, either through their subjective awareness of such risk or through knowledge of other injuries having occurred as a result of this condition.  And even if other inmates have occasionally sustained injury while climbing into or out of their bunks at DCI, this condition, in the Court's view, may not be reasonably characterized as a deliberate deprivation of a single identifiable human need, or as a condition which placed the plaintiff's health or welfare in imminent danger which the defendants were aware of yet ignored.  <u>Farmer v. Brennan</u>, <u>supra</u>.  <u>See</u> <u>Armstrong v. Terrebonne Parish Sheriff</u>, 2006 WL 1968887 (E.D. La., June

6, 2006)(holding that the United States Constitution does not require ladders for bunk beds and that, where there was a swivel chair and table to step on, there was "[a] reasonable means of getting into the top bunk, if the inmate would have taken reasonable care for his own safety)". See also Connolly v. County of Suffolk, 533 F.Supp.2d 236 (D. Mass. 2008)(absence of ladders for bunk beds did not amount to the deprivation of a "minimal civilized measure of life's necessities"); Wilson v. State, 2002 WL 31499736 (W.D. Va., May 6, 2002)(holding that, notwithstanding plaintiff's diagnosed knee condition and complaint of prior falls, "the lack of ladders ... in the jail cells does not constitute a dangerous condition in and of itself"). Accordingly, in the absence of any allegation of knowledge or awareness on the defendants' part that the plaintiff was unable to negotiate the alleged hazardous condition, the plaintiff's claim sounds more in the nature of a claim of negligence which is not actionable under § 1983. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). For this reason, the    defendants are entitled to qualified immunity in connection with this claim, and the motion to dismiss should be granted relative to this issue.

The plaintiff also complains that defendant Cody White failed to attend to his medical complaints resulting from the above-related incident. To prevail on an Eighth Amendment claim of improper or inadequate medical care, however, a prisoner must show that care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment that he felt he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or

unsuccessful medical treatment give rise to a § 1983 cause of action. <u>Varnado v. Lynaugh</u>, 920 F.2d 320 (5th Cir. 1991); <u>Johnson v. Treen</u>, <u>supra</u>. Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As stated in <u>Farmer</u>, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id</u>. A delay in providing medical care is not a violation of this constitutional right unless it results in substantial harm. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191 (5th Cir. 1993).

In the instant case, there is no suggestion whatever that the relatively brief interval of time between the plaintiff's fall and his obtaining treatment resulted in any substantial harm or aggravation of his condition. See <u>Mendoza v. Lynaugh</u>, <u>supra</u>. The plaintiff concedes that he was seen by medical personnel within approximately eight hours after reporting his fall, and this relatively brief delay is not indicative of deliberate indifference. <u>See</u>, <u>e.g.</u>, <u>Irvin v. Grissom</u>, 2010 WL 547328 (E.D. Tex., Feb. 9, 2010)(8-hour delay between confrontation with security officers and medical treatment "not indicative of deliberate indifference"). <u>See also</u> <u>O'Bryant v. Culpepper</u>, 214 F.3d 1350 (5th Cir. 2000)("Although [plaintiff] was injured on a Saturday and did not receive treatment until the following Tuesday, he cannot show that the delay in treating his injury caused substantial harm"); <u>Chesnut v. Horton</u>, 2009 WL 1269992 (N.D. Tex., May 7, 2009)(12-hour delay after confrontation with a co-inmate not deliberate indifference). Further, it is recognized that even persons who are not confined in penal institutions must suffer waits of several hours in hospital emergency rooms or even waits of several days before obtaining appointments with

their chosen physicians.  For this reason, the plaintiff's claim of medical indifference is without constitutional merit and must be dismissed.

Finally, turning to the plaintiff's claims asserted against defendants Lane Thomas and Robert Lenior, who have not been served with process in this proceeding, this Court is authorized, pursuant to 28 U.S.C. § 1915(e), to dismiss an action or claim brought <u>in forma pauperis</u> if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  <u>Cf.</u>, <u>Green v. McKaskle</u>, 788 F.2d 1116 (5th Cir. 1986).  An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), <u>citing</u>  <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995).  Further, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  <u>Cf.</u>, <u>Green v. McKaskle</u>, <u>supra</u>.

In his Complaint, the sole allegation which the plaintiff makes against defendants Lane Thomas and Robert Lenior is that the former was the "warden over the unit-2 cellblock" and as such, was "responsible for overall placement and housing in the cellblock", and that the latter was the immediate supervisor of defendant Cody White on May 7, 2009, to whom defendant White allegedly reported the plaintiff's fall and injury.  Considering that the Court has concluded, above, that the DCI supervisory officials named in this proceeding have no liability for the absence of ladders in the DCI cellblocks, and further, that defendant Cody White did not exhibit actionable deliberate indifference to the plaintiff's serious medical needs in this case, there is clearly no basis for the imposition

of liability against defendants Thomas and Lenior.   Accordingly, the plaintiff's claims asserted against these two defendants should be dismissed pursuant to 28 U.S.C. § 1915(e).

The plaintiff also seeks to invoke the supplemental jurisdiction of this court.   District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.   In the instant case, having recommended that the plaintiff's federal claims be dismissed as frivolous, the Court concludes that it is appropriate for the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

<u>RECOMMENDATION</u>

It is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and that the defendants' Motions to Dismiss, rec.doc.nos. 14 and 15, be granted, dismissing the plaintiff's claims asserted against defendants Steve Rader, Gary Shotwell and Cody White, with prejudice, for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   It is further recommended that the

plaintiff's claims asserted against defendants Lane Thomas and Robert Lenior be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, March 29, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**